UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMARKQUA GARLAND,

                                    Plaintiff,

                    -against-

JUSTICE JOHN CARTER; MICHAEL J.
SCHORDINE,

                                    Defendants.

22-CV-8712 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Plaintiff, who is currently incarcerated at Clinton Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983. He seeks to overturn his conviction and recover damages for both

his allegedly wrongful imprisonment and for incidents that took place in prison in 2014 and

2015. By order dated October 18, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

grants Plaintiff leave to file  amended pleadings within 60 days of the date of this order.

**STANDARD OF REVIEW**

 The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] In a civil rights action, prisoners are not exempt from paying the full $350.00 filing fee
even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C.
§ 1915(b)(1). Plaintiff is not charged the $350.00 filing fee for this action because the Court
construes this matter as a petition for a writ of *habeas corpus*. The $5.00 filing fee for a *habeas*
petition is waived for prisoners proceeding *in forma pauperis*.

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

On May 23, 2022, Plaintiff Tamarkqua Garland gave this complaint to prison officials for

mailing to the United States District Court for the Eastern District of New York, which

transferred it here. In the complaint, Plaintiff attacks his 2015 conviction, seeking to overturn it,

and asserts civil rights claims arising in 2014 and 2015, for which he seeks damages.

According to public records, a jury in the Supreme Court, Bronx County, convicted

Plaintiff of two counts of assault in the first degree and one count of criminal possession of a

weapon in the second degree. Judgment was entered on May 8, 2015, sentencing Plaintiff, as a

second violent felony offender, to an aggregate term of 14 years' incarceration. In addition,

judgment was entered in the same court on March 2, 2016, convicting Plaintiff, on his guilty

plea, of attempted criminal possession of a controlled substance in the fourth degree. For that

matter, he was sentenced to a concurrent term of 1 ½ years' incarceration. The two matters were

consolidated for appeal and unanimously affirmed. *See People v. Garland*, 65 N.Y.S.3d 167

(2017), *aff'd*, 32 N.Y.3d 1094 (2018), *rearg. denied*, 33 N.Y.3d 970 (Apr. 02, 2019), *cert. denied*,

140 S. Ct. 2525 (Mar. 23, 2020). Public records do not reflect that Plaintiff has filed any prior

petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging either the 2015 or 2016

conviction.

In this application, Plaintiff names as defendants Justice John Carter, of the Supreme

Court of the State of New York, Bronx County, and an Assistant District Attorney for Bronx

County, Michael Schordine. Plaintiff argues that certain evidence, which he contends that

Detective Sean O'Connell from the New York Police Department's 149th Precinct obtained

illegally, should have been excluded from Plaintiff's trial. (ECF 1 at 3.) Plaintiff also argues that

his defense counsel, Paul London, provided ineffective assistance of counsel, in that he failed to

protect Plaintiff from "ambush from [the] prosecutor" in his summation at trial. (*Id.*) Moreover,

Plaintiff's Sixth Amendment rights to a speedy trial allegedly were violated when his criminal

proceedings remained pending before Justice John Carter from September 18, 2012, to May 14,

2013. Plaintiff argues that the government's statement of readiness for trial was illusory and that

the period of time between certain adjournments was chargeable to the government.

In addition to this challenge to his 2015 conviction, Plaintiff includes a paragraph titled,

"Use of force." (*Id.* at 5.)  Plaintiff states the following:

> Date of incident September 24, 2015, time 920 (B.C.#875-15-003)-(B.C.
> #32101401068) Individual involved Correction Office Covington, shield 17730,
> Correction Office Perrone, shield #17422 and Captain Pine. Injuries sustained
> back, wrist and chronic headaches, medical treatment required, physical therapy
> and surgery required as a result of dates of injuries. Hot water scalding on back –
> (311C-11120-954-0433). Slip and fall, incident date October 3, 2014 (B.C. #2014-
> P-1014-206). Index #260-984-2015. Bodily injury resulted from the act
> committed by the court in violation of deprivation of Constitution rights deprived
> under the color of law.
>
> 2. Presently on medication due to unyielding prison trauma.

(*Id.*)[2]

Plaintiff also asserts state law claims for "defamation of character," though he does not

plead any facts in connection with these claims.

Plaintiff identifies the following as the relief that he seeks: (1) "pardon from deprivation

of liberty," based on a challenge to the constitutionality of his 2015 conviction and sentencing,

and (2) damages for his unlawful imprisonment, and his pain and suffering.

---

[2] All spelling and punctuation in the quoted material are from the original.

**DISCUSSION**

A.      **Attack on conviction and sentence**

1.      Recharacterization as petition for a writ of *habeas corpus*

Plaintiff challenges "the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254.  A prisoner must bring a *habeas* petition, rather than a Section 1983 action, when he

challenges "the fact or duration of his confinement" and seeks either "immediate release from

prison," or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79

(2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973))); *see also Nance v. Ward*, 142 S.

Ct. 2214, 2221 (2022) (When considering "the dividing line between § 1983 and the federal

habeas statute," the issue is "whether a claim challenges the validity of a conviction or

sentence."). Because Plaintiff challenges his 2015 state court judgment of conviction and

sentence on the ground that it is unconstitutional, the complaint must be construed as a petition

for a writ of *habeas corpus* under Section 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486

(1994) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of

outstanding criminal judgments.").

A prisoner generally has only one opportunity to bring a Section 2254 petition in federal

court. *See Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (a prisoner "gets one chance to bring a

federal *habeas* challenge to his conviction") (relying on *Magwood v. Patterson*, 561 U.S. 320,

333–334 (2010)); 28 U.S.C. § 2244(b)(3)(A) (petitioner must obtain authorization from court of

appeals before bringing a "second or successive" *habeas* petition).  Because of this, before

recharacterizing an application as a Section 2254 petition, district courts must provide a prisoner

notice of the potential adverse consequence and an opportunity to withdraw the submission.

*Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274 (2d Cir. 2003).

The Court is therefore giving Plaintiff an opportunity to withdraw his submission before it is recharacterized as a petition for habeas corpus. If Plaintiff does not inform the Court, within 60 days, that he wishes to withdraw the complaint, it shall be designated as a petition under Section 2254. As detailed below, if Plaintiff wishes to proceed under Section 2254, he must file an amended petition.

2.    Timeliness of petition for a writ of *habeas corpus*

A prisoner seeking habeas relief under Section 2254 generally must file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Plaintiff's 2015 conviction became final on March 23, 2020, when the U.S. Supreme Court denied his petition for a writ of *certiorari*. *See Garland*, 140 S. Ct. 2525 (Mar. 23, 2020). He had one year thereafter to file a Section 2254 petition. On May 23, 2022, more than two years after judgment became final, Plaintiff gave this complaint, now recharacterized as a *habeas* petition, to prison officials for mailing to the United States District Court for the Eastern District of New York. The petition therefore appears to be time barred.

Tolling of the statute of limitations is available in certain circumstances. Under 28 U.S.C. § 2244(d)(2), when postconviction motions are properly filed in state court before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. Postconviction motions filed after the one-year limitations period for bringing a federal *habeas* petition expires, however, do not restart the one-year limitations period anew. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s

tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Section 2244(d)(2) thus could toll the limitations period if Plaintiff had properly filed postconviction motion(s) in state court within one year from March 23, 2020, the date judgment for his 2015 conviction became final.

In addition to tolling under Section 2244(d)(2), equitable tolling of the limitations period is sometimes available. In order to establish a basis for equitable tolling, a prisoner must allege facts showing that he has been pursuing his rights diligently and any facts showing that some extraordinary circumstance prevented him from timely submitting the *habeas* petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under Section 2244(d) for *habeas corpus* petitions under Section 2254 is subject to equitable tolling in appropriate cases).

If Plaintiff wishes to proceed with a Section 2254 petition challenging the constitutionality of his 2015 judgment of conviction and sentence, he must submit an amended petition that identifies all of the federal grounds on which he challenges his conviction and that includes any facts showing that statutory or equitable tolling is warranted. The proper respondent for the amended Section 2254 petition is the prisoner's custodian. *See* Rule 2 (a) of the Rules Governing Habeas Corpus Cases Under Section 2254. Here, the Superintendent of Clinton Correctional Facility appears to be Plaintiff's current custodian.[3] The amended Section 2254 petition must be submitted within 60 days of the date of this order.

---

[3] Plaintiff names as defendants in this action a state court judge who presided over a portion of his criminal proceedings and the prosecuting attorney. Judicial and prosecutorial immunity bar civil rights claims against such defendants for their actions associated with the judicial phase of criminal proceedings. *See Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity).

**B.    Civil rights claims for damages**

1.    Unlawful imprisonment

Plaintiff seeks damages for his allegedly unlawful imprisonment. When a plaintiff seeks damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, Plaintiff's claim for damages for wrongful imprisonment is necessarily inconsistent with his conviction, and he therefore cannot seek such relief unless his conviction is overturned or otherwise called into question. *Id.* at 477, n. 7 (holding that a plaintiff cannot seek relief for "the 'injury' of being convicted and imprisoned (until his conviction has been overturned)"). The Court therefore dismisses, under the doctrine set forth in *Heck*, Plaintiff's Section 1983 claim seeking damages for the injury of his allegedly wrongful conviction. This claim should not be repleaded unless Plaintiff's conviction is overturned.

2.    Use of force claims

Plaintiff asserts claims under Section 1983 arising from the "use of force" in 2014 and 2015. (ECF 1 at 5.) Plaintiff provides some details, including the dates, times, and names of correction officers, though he does not identify the facility where he was incarcerated. Plaintiff fails, however, to plead any facts about what occurred. He refers to a "slip and fall" and "hot scalding water" (*id.*), but he does not explain what happened, or plead facts about what any of the correction officers, whom he identifies but did not name as defendants, did or failed to do that violated his rights.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. To comply with Rule 8, a complaint

must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. Here, Plaintiff's allegations are insufficient to show that he is entitled to relief.

Moreover, Plaintiff's Section 1983 claims arising in 2014 and 2015 appear to be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. See N.Y. C.P.L.R. § 214(5). Generally, Plaintiff's claim would have accrued three years after the incident, when he knew or had "reason to know of the injury that is the basis of the claim." *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

A plaintiff is usually not required to plead that the case is timely filed, *Cortes v. City of New York*, 700 F. Supp. 2d 474, 482 (S.D.N.Y. 2010), but dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under

28 U.S.C. § 1915(d) on statute of limitations grounds); *Baker v. Cuomo* , 58 F.3d 814, 818-19 (2d

Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that

the action is barred . . . by the statute of limitations" ), *vacated in part on other grounds*, 85 F.3d

919 (2d Cir. 1996). If Plaintiff wishes to pursue the Section 1983 claims that appear to be time-

barred, he must allege facts in his amended complaint showing that the applicable limitations

period should be tolled.

**C.     Leave to Amend**

    1.     Habeas challenge to conviction

This action will be construed as a petition for a writ of habeas corpus under Section 2254

unless Plaintiff withdraws it. If Plaintiff wishes to proceed with a Section 2254 petition

challenging the constitutionality of his 2015 judgment of conviction and sentence, within 60

days, he must submit an amended petition that names his custodian as respondent, includes all of

the federal grounds on which he challenges his conviction, and includes any facts showing that

statutory or equitable tolling is warranted. The amended petition must bear the same docket

number as this order, 22-CV-8712 (LTS).

    2.     Civil rights claims

If Plaintiff wishes to proceed with his Section 1983 claims arising in 2014 and 2015, he

must file an amended civil rights complaint. Although Plaintiff can file the amended civil rights

complaint under this docket number, the Court will thereafter have it opened as a new action.

Plaintiff therefore must also submit a new *in forma pauperis* application and prisoner

authorization, if he chooses to file an amended civil rights complaint.[4]

---

[4] Although Plaintiff submitted a prisoner authorization with this complaint, which
authorizes the withdrawal of a $350.00 filing fee, no filing fee will be withdrawn for this action
because it will be recharacterized as a *habeas* petition.

In the "Statement of Claim" section of the amended Civil Rights complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include in the amended complaint all of the information that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or civil rights claims that Plaintiff wants to include from the original complaint must be repeated in the amended civil rights complaint.

## CONCLUSION

Plaintiff is hereby notified that the Court finds that this complaint should be construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the constitutionality of his 2015 conviction. If Plaintiff does not want to pursue relief under Section 2254, he may notify the Court in writing within 60 days that he wishes to withdraw his complaint.

If Plaintiff wishes to proceed under Section 2254, he must file an amended Section 2254 petition that names his custodian as respondent, and includes all of the grounds on which he challenges his conviction, and includes any grounds for statutory or equitable tolling. An amended Section 2254 petition form is attached to this order. The amended petition must be submitted to the Court's Pro Se Intake Unit within 60 days, and be labeled with this docket number, 22-CV-8712 (LTS). If Plaintiff does not withdraw the complaint or submit an amended Section 2254 petition within the time allowed, or request an extension of time to do so, the complaint will remain designated as a Section 2254 petition and be dismissed without prejudice.

If Plaintiff wishes to file a civil rights action repleading his claims under 42 U.S.C. § 1983, regarding a use of force incident in 2014 or 2015, he must file an amended civil rights complaint within 60 days of the date of this order. The amended civil rights complaint must be submitted, together with an *in forma pauperis application* and prisoner authorization form. Once it is filed under this docket number, 22-CV-8712 (LTS), the Court will direct that it be treated as a separate civil action.

At this time, no answer shall be required, and no summons shall issue. Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in*

*forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369

U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks

review of a nonfrivolous issue).

     SO ORDERED.

Dated:    October 24, 2022
           New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
               Chief United States District Judge

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.   You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.   Make sure the form is typed or neatly written.

4.   You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.   Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.   You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.   In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.   When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

### Clerk, United States District Court for
### Address
### City, State  Zip Code

9.   **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.   **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                          Page 2
(Rev. 06/13)
                                                **AMENDED**

                        **PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
                        **HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

                                        **AMENDED**
                                        **PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:




        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?     ❑   Yes        ❑   No

5.      Identify all crimes of which you were convicted and sentenced in this case:








6.      (a) What was your plea? (Check one)

                        ❑   (1)     Not guilty       ❑   (3)     Nolo contendere (no contest)

                        ❑   (2)     Guilty           ❑   (4)     Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury    ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes    ❏ No

8.    Did you appeal from the judgment of conviction?

❏ Yes    ❏ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❏ Yes    ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ❒  Yes      ❒  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.      Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?      ❒  Yes      ❒  No

11.      If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes      ❒  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes       ☐   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:          ☐  Yes          ☐   No

(2)  Second petition:      ☐  Yes          ☐   No

(3)  Third petition:         ☐  Yes          ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.        For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

(c)     **Direct Appeal of Ground One:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?     ❏   Yes     ❏   No

       (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏   Yes     ❏   No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:

       Name and location of the court where the motion or petition was filed:

       Docket or case number (if you know):

       Date of the court's decision:

       Result (attach a copy of the court's opinion or order, if available):

       (3) Did you receive a hearing on your motion or petition?     ❏   Yes     ❏   No

       (4) Did you appeal from the denial of your motion or petition?     ❏   Yes     ❏   No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏   Yes     ❏   No

       (6) If your answer to Question (d)(4) is "Yes," state:

       Name and location of the court where the appeal was filed:

       Docket or case number (if you know):

       Date of the court's decision:

       Result (attach a copy of the court's opinion or order, if available):

       (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒   Yes          ❒   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes      ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏  Yes     ❏  No

(4) Did you appeal from the denial of your motion or petition?  ❏  Yes     ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❑ Yes    ❑ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❑ Yes    ❑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ❑ Yes    ❑ No

    (4) Did you appeal from the denial of your motion or petition?    ❑ Yes    ❑ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❑ Yes    ❑ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❐   Yes       ❐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❐   Yes       ❐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?                    ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?               ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

        have used to exhaust your state remedies on Ground Four:

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ❏ Yes   ❏ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ❏ Yes   ❏ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ❏ Yes   ❏ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing:


        (b) At arraignment and plea:


        (c) At trial:


        (d) At sentencing:


        (e) On appeal:


        (f) In any post-conviction proceeding:


        (g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?            ❏  Yes      ❏   No
        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



        (b) Give the date the other sentence was imposed:
        (c) Give the length of the other sentence:
        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
        future?                 ❏  Yes      ❏   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)       A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)       the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)       the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)       the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)       the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print          Save As...                                                                    Reset

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____