UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAMARKQUA GARLAND,

            Plaintiff,

-against-

CLINTON CORRECTIONAL FACILITY,

            Defendant.

---

22-CV-8712 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in Clinton Correctional Facility, filed a complaint in which he both challenged his 2015 conviction and asserted civil rights claims. By order dated October 24, 2022, the Court held that: (1) if Plaintiff wished to challenge his conviction, he must file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254; and (2) if Plaintiff wished to file a civil rights action under 42 U.S.C. § 1983, regarding a use of force incident in 2014 or 2015, he must file an amended civil rights complaint (and an *in forma pauperis* application and prisoner authorization) within 60 days. On December 6, 2022, Plaintiff filed an application that challenges his 2015 conviction and pleads additional facts about his civil rights claims.

      In the application, Plaintiff asserts a claim for excessive force, in violation of his constitutional rights. He alleges that on September 14, 2015, at 9:20 (in the morning or evening, it is unclear which), he was "savagely attacked by Riker[s] Island Correction Officers" in the 1-upper level of C-74 at the George Motchan Detention Center (GMDC). (ECF 8 at 5.) Plaintiff states that he was "kicked and stomped [on] by several officers at once," had a "knee placed on [his] neck," was "thrown into [a] barred window," "slammed [in]to [a] concrete floor," and "dangled in midair . . . upside down." (*Id.*) He alleges that "Captain Pines did not interven[e]."

(*Id.*) Plaintiff names Correction Officers Covington (Shield #17730), and Perrone (Shield #17433) as the individuals involved, in addition to Captain Pines. Plaintiff states that he still suffers debilitating pain as a result of the attack.

In addition to this excessive force claim under Section 1983, Plaintiff asserts two additional claims that arose at GMDC. First, on October 3, 2014, while working in the kitchen, Plaintiff "slipped on [the] greasy kitchen floor" and injured his back. Second, on an unspecified date, Plaintiff was scalded on his back by hot water when showering.

After Plaintiff filed this December 6, 2022, application, he filed two amended petitions under Section 2254. In order to allow the Court to address separately the *habeas* petition under Section 2254 and the civil rights claims, the Court severs the civil rights claims from this action, *see* Fed. R. Civ. P. 21, and will have these claims opened as a separate civil action. The *habeas* petition challenging Petitioner's 2015 conviction will proceed under this docket number, 22-CV-8712 (LTS).

Accordingly, the Court directs the Clerk of Court to (1) treat pages 5 and 6 of the letter from Plaintiff dated December 6, 2022, as a civil rights complaint under 42 U.S.C. § 1983 and open a new civil action, naming Correction Officer Covington (Shield #17730), Correction Officer Perrone (Shield #17433), Captain Pines, and the City of New York as defendants; (2) refile the prisoner authorization (ECF 9) in the new civil action; and (3) docket a copy of this order in the new civil action.

## CONCLUSION

The *habeas* petition, under 28 U.S.C. § 2254, challenging Plaintiff's 2015 conviction will proceed under this docket number, 22-CV-8712 (LTS). The Court severs Plaintiff's civil rights claims and directs the Clerk of Court to (1) treat pages 5 and 6 of the letter from Plaintiff dated December 6, 2022, as a civil rights complaint under 42 U.S.C. § 1983 and file it in a new civil

action, naming as Correction Officer Covington (Shield #17730), Correction Officer Perrone (Shield #17433), Captain Pines, and the City of New York as defendants; (2) refile the prisoner authorization (ECF 9) in the new civil action; and (3) docket a copy of this order in the new civil action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 27, 2022
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge