UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMARKQUA GARLAND,

                Petitioner,

      -against-

SUPERINTENDENT, MARCY
CORRECTIONAL FACILITY,

              Respondent.

22-cv-08712 (JLR) (BCM)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

On June 13, 2022, Petitioner Tamarkqua Garland ("Petitioner"), proceeding *pro se*, filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On May 8, 2015, after a jury trial in New York Supreme Court, Bronx County, petitioner was convicted of two counts of first-degree assault, in violation of New York Penal Law (PL) § 120.10(1), and one count of second-degree criminal possession of a weapon, in violation of PL § 265.03(3), and sentenced as a second violent felony offender to concurrent determinate terms of 14 years for each assault count and 10 years for the possession count, for an aggregate sentence of 14 years. Petitioner is serving his sentence at the Marcy Correctional Facility.

Petitioner asserts that he is entitled to the writ because: (1) his right to a speedy trial was violated; (2) the evidence was legally insufficient to support his conviction; (3) the police improperly arrested him after making a warrantless entry into the apartment where he was staying; (4) his post-arrest statements were coerced; (5) the prosecution withheld exculpatory evidence; (6) hearsay evidence was improperly admitted at trial, in violation of the Confrontation Clause; (7) the prosecutor committed misconduct during summation; (8) the trial court did not properly address concerns raised by a juror during deliberations; (9) petitioner's defense attorney

at trial rendered ineffective assistance of counsel; and (10) the judge who denied petitioner's initial speedy trial motion filed a late oath of office.

This petition for a writ of habeas corpus from a state court conviction was referred to Magistrate Judge Barbara C. Moses for a Report and Recommendation. *See* Dkt. 21. In the Report and Recommendation filed on February 10, 2026, Magistrate Judge Moses recommended that the petition be denied. *See* Dkt. 49.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen (14) days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. 49 at 62. In addition, the Report and Recommendation expressly called Petitioner's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* The Report and Recommendation also advised that if the Petitioner receives the report by mail, he has seventeen (17) days from the date on which it was mailed to object. *Id.* The report was mailed on February 11, 2026.

As of the date of this Order, more than seventeen (17) days after the report was mailed, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be thorough, well-reasoned and grounded in fact and law, and not clearly erroneous. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the case and to mail a copy of this Order to Petitioner.

Dated: March 5, 2026
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge