UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMARKQUA GARLAND,

                            Petitioner,

        -against-

SUPERINTENDENT, MARCY
CORRECTIONAL FACILITY,

                            Respondent.

Case No. 1:22-cv-08712 (JLR)

**<u>ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

Petitioner Tamarkqua Garland, proceeding *pro se*, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court referred this petition to Magistrate Judge Barbara C. Moses for a Report and Recommendation ("R&R") on January 17, 2023.  *See* Dkt. 21.  On February 10, 2026, Magistrate Judge Moses filed an R&R, recommending that the petition be denied.  *See* Dkt. 49.  The R&R advised Petitioner that they had "14 days from [February 10, 2026] to file written objections to th[e] [R&R] pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), unless they receive th[e] [R&R] solely by mail, in which case they have 17 days from the date on which it was mailed."  Dkt. 49 at 62.  Petitioner was further warned that "[f]ailure to file timely objections will result in a waiver of such objections."  *Id.*  Petitioner received the R&R by mail, which was sent on February 11, 2026.  Therefore, Petitioner had until February 28, 2026, to file written objections to the R&R.  No objections were filed within this timeframe.  Subsequently, on March 5, 2026, the Court adopted the R&R.  Dkt. 50.  Although no objections were filed, the Court reviewed the petition and found it "to be thorough, well-reasoned and grounded in fact and law, and not clearly erroneous."  *Id.* at 3.

On March 18, 2026, Petitioner filed untimely objections. Dkt. 51.  These objections were dated March 11, 2026, and Petitioner did not provide any explanation for the delay.  *Id.*  He then

filed another set of objections on March 24, 2026.  Dkt. 52.  In these objections, he claimed that the "[o]bjection was timely submitted," attaching a postmark showing the objections were sent on March 12, 2026.  *Id.* at 1.  Even considering the earliest date in the objections, March 11, 2026, Petitioner still missed the February 28, 2026 deadline by 11 days.  Thus, the objections were untimely and since Petitioner was explicitly warned that failing to file timely objections would waive future judicial review, and the Court already adopted the R&R, there is no need to address the merits of the objections.  *See, e.g.*, *Lithgow v. Keyser*, No. 21-cv-00998 (AJN), 2021 WL 4942824, at *1 (S.D.N.Y. Oct. 22, 2021) (finding that the Court does not need to consider the merits of untimely objections to an R&R when Plaintiff was warned that failing to object would result in waiver of further judicial review).

However, given that Petitioner is *pro se*, the Court shall construe Petitioner's untimely objections as a timely motion "to alter or amend a judgment" under Federal Rule of Civil Procedure ("Rule") 59(e).  *See, e.g.*, *Fredricks v. Parrilla*, No. 20-cv-05738 (AT), 2023 WL 8622620, at *1 (S.D.N.Y. Dec. 13, 2023) (construing *pro se* litigants request to file late objections to an R&R after it was adopted filed as a motion under Rule 59(e)); *cf. Holmes v. Miller*, No. 1:22-cv-06388 (MKV), 2023 WL 8018111, at *2 (S.D.N.Y. Nov. 20, 2023) (considering "[p]etitioner's untimely objections to the R&R" on a motion for reconsideration). Rule 59(e) provides that a party may move to "alter or amend a judgment" within "28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "A court may grant a Rule 59(e) motion 'only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

2

Measured against this standard, Petitioner's objections must be denied.  Petitioner does not cite any change in controlling law or new information that warrants reconsideration of the Court's order adopting the R&R.  *See Fredricks*, 2023 WL 8622620, at *1 (denying motion for reconsideration when plaintiff "has not pointed to any change in controlling law or new information warranting reconsideration of the Court's order adopting the R&R"). His objections, which are admittedly difficult to parse, essentially simply repeat the same arguments that Magistrate Judge Moses rejected. *See* Dkt. 51; Dkt. 52.  Specifically, he claims that the State of New York violated his Fourth and Sixth Amendment rights through a warrantless search, undue delay in bringing a trial, insufficient evidence, prosecutorial misconduct, and ineffective assistance of counsel.  *See* Dkt. 51; Dkt. 52.  The R&R, however, appropriately and thoroughly addressed each one of these issues, and as the Court stated in its order adopting the R&R, "[it] [is] thorough, well-reasoned and grounded in fact and law, and not clearly erroneous."  Dkt. 50 at 2; *see also Holmes*, 2023 WL 8018111, at *2 (denying motion for reconsideration when "[p]etitioner's objections simply rehash arguments that he set forth in his original habeas petition").

As such, Petitioner's motion to alter or amend the judgment is denied, and the Clerk of the Court is directed that this matter shall remain closed.

Dated:  April 6, 2026
        New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge

3